1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11   KAREN DUELL,                                    Civil No. 14cv2774-WQH-JLB

12                              Plaintiff,           ORDER

         vs.
13   FIRST NATIONAL BANK OF
     OMAHA; THE DUNNING LAW
14   FIRM,

15                              Defendants.

16   HAYES, Judge:

17        The matters before the Court are Defendant Dunning Law Firm's ("Dunning")

18   Motion to Dismiss Counts I & II of the First Amended Complaint (ECF No. 11), and

19   Defendant First National Bank of Omaha's ("FNBO") Motion to Dismiss Count III of

20   Plaintiff's Complaint (ECF No. 12).

21                              **BACKGROUND**

22        On November 20, 2014, Plaintiff Karen Duell initiated this action by filing a

23   Complaint against Defendants Dunning and FNBO. (ECF No. 1). On January 9, 2015,

24   Defendant FNBO filed a motion to dismiss. (ECF No. 7). On the same day, Defendant

25   Dunning filed a motion to dismiss. (ECF No. 8).

26        On January 19, 2015, Plaintiff filed the First Amended Complaint asserting the

27   following claims: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"),

28   15 U.S.C. section 1692, *et seq.*, against Defendant Dunning; (2) violation of the

Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code sections 1788-1788.32, against Defendants Dunning and FNBO; and (3) violation of the California Consumer Credit Reporting Agencies Act, California Civil Code section 1785.1, *et seq.*, against Defendant FNBO.  (ECF No. 9).

On January 23, 2015, the Court issued an Order denying Defendants' motions to dismiss (ECF Nos. 7, 8) as moot.  (ECF No. 10).

On February 5, 2015, Defendant Dunning filed the Motion to Dismiss Counts I & II of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 11).  On March 2, 2015, Plaintiff filed an opposition.  (ECF No. 13).  On March 11, 2015, Defendant Dunning filed a reply.  (ECF No. 17).  On the same day, Plaintiff filed an objection to Dunning's reply on grounds that the reply was untimely.  (ECF No. 18).

On February 5, 2015, Defendant FNBO filed the Motion to Dismiss Count III of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 12).  On March 2, 2015, Plaintiff filed an opposition.  (ECF No. 14).  On March 9, 2015, Defendant FNBO filed a reply.  (ECF No. 16).

On May 26, 2015, the Court issued an Order stating that:

> IT IS HEREBY ORDERED that the parties shall submit supplemental briefing on the issue of whether Plaintiff's allegation that Defendant First National Bank of Omaha "reported Plaintiff's alleged delinquency to credit bureaus each month" (ECF No. 9 at 5) may constitute collection a activity within the meaning of the Fair Debt Collection Practices Act....

(ECF No. 19).  On June 5, 2015, Defendant FNBO submitted a supplemental brief. (ECF No. 20).  On June 9, 2015, Plaintiff submitted a supplemental brief.  (ECF No. 21).  On the same day, Defendant Dunning submitted a supplemental brief.  (ECF No. 22).  On June 19, 2015, Defendant FNBO submitted a reply.  (ECF No. 23).  On the same day, Defendant Dunning submitted a reply.  (ECF No. 24).

## ALLEGATIONS OF FIRST AMENDED COMPLAINT

"Sometime prior to February 24, 2014, Plaintiff is alleged to have incurred certain financial obligations to FNBO."  (ECF No. 9 ¶ 23).  "Sometime thereafter,

Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt." *Id*. ¶ 24. "As a result, Plaintiff has received numerous written and telephonic communications from Defendant with regard to Plaintiff's alleged debt." *Id*. ¶ 25.

"Plaintiff contacted Dunning in an effort to amicably resolve Plaintiff's alleged debt.*" Id*. ¶ 26. "Following confidential settlement discussions, Plaintiff and Dunning finalized a settlement with regard to Plaintiff's alleged debt alleged to be owed to FNBO." *Id*. ¶ 27. "Dunning memorialized the settlement via written communication dated February 24, 2014." *Id*. ¶ 28. The communication stated that "[FNBO] is willing to accept the sum of $6,106.63 in monthly payments of $170.00, so long as the first payment is received by my office no later than March 7, 2014." *Id*. ¶ 29. The communication also stated that "[a]s long as you are current on your payments [FNBO] will refrain from further collection activities." *Id*. ¶ 30. "Plaintiff reasonably believed that compliance with the terms of the agreement would preclude any adverse actions by FNBO against Plaintiff, including the avoidance of demands for more than $170.00 per month, negative credit reporting in the event that Plaintiff paid at least $170.00 per month and a collection lawsuit." *Id*. ¶ 31.

"Despite the agreement, FNBO has continued its attempts to collect Plaintiff's alleged debt. FNBO's collection attempts falsely represent that Plaintiff is delinquent and that Plaintiff owes more than $170.00 per month. As a result, FNBO has inaccurately reported Plaintiff's alleged delinquency to the credit bureaus each month." *Id*. ¶ 33.

"FNBO now seeks to avoid liability by modifying the terms of the agreement as memorialized by Dunning's February 24, 2014 written communication. Specifically, FNBO claims it was not bound by Plaintiff's settlement agreement in any manner." *Id*. ¶ 34. "In the event that Dunning lacked authority to settle Plaintiff's alleged debt on behalf of FNBO and/or to make the representations in Dunning's February 24, 2014 memorialization, Dunning's conduct violated both the FDCPA and the RFDCPA." *Id*. ¶ 35.

1          Through this conduct, Dunning violated 15 U.S.C. § 1692e by using
2    false, deceptive and misleading representations in connection with the
     collection of Plaintiff's alleged debt.  This section is incorporated into the
     RFDPCA by Cal. Civ. Code § 1788.17; thus, Dunning also violated Cal.
3    Civ. Code § 1788.17.

4          Through this conduct, Dunning violated 15 U.S.C. § 1692e(5) by
     taking action that could not legally be taken.  This section is incorporated
5    into the RFDPCA by Cal. Civ. Code § 1788.17; thus, Dunning also
     violated Cal. Civ. Code § 1788.17.

6
           Through this conduct, Dunning violated 15 U.S.C. § 1692e(9) by
7    distributing a written communication which created a false impression as
     its authorization and/or approval.  This section is incorporated into the
8    RFDPCA by Cal. Civ. Code § 1788.17; thus, Dunning also violated Cal.
     Civ. Code § 1788.17.

9
           Through this conduct Dunning violated 15 U.S.C. § 1692e(10) by
10   using false representations and deceptive means to collect Plaintiff's
     alleged debt.  This section is incorporated into the RFDPCA by Cal. Civ.
11   Code § 1788.17; thus, Dunning also violated Cal. Civ. Code § 1788.17.

12   *Id*. ¶ 36-39.

13         "Furthermore, FNBO also violated the RFDPCA by continuing collection activity

14   with regard to Plaintiff's alleged debt, including reporting Plaintiff as delinquent to the

15   credit bureaus."  *Id*. ¶ 40.

16         Through this conduct, FNBO violated 15 U.S.C. § 1692e by using
     false, deceptive and misleading representations in connection with the
17   collection of Plaintiff's alleged debt.  This section is incorporated into the
     RFDPCA by Cal. Civ. Code § 1788.17; thus, FNBO violated Cal. Civ.
18   Code § 1788.17.

19         Through this conduct, FNBO violated 15 U.S.C. § 1692e(2)(A) by
     falsely representing the character, amount, and legal status of Plaintiff's
20   alleged debt.  This section is incorporated into the RFDPCA by Cal. Civ.
     Code § 1788.17; thus, FNBO violated Cal. Civ. Code § 1788.17.
21
           Through this conduct, FNBO violated 15 U.S.C. § 1692e(8) by
22   communication false information to the credit bureaus regarding Plaintiff's
     alleged debt.  This section is incorporated into the RFDPCA by Cal. Civ.
23   Code § 1788.17; thus, FNBO violated Cal. Civ. Code § 1788.17.

24         Through this conduct FNBO violated 15 U.S.C. § 1692e(10) by
     using false representations and deceptive means to collect Plaintiff's
25   alleged debt.  This section is incorporated into the RFDPCA by Cal. Civ.
     Code § 1788.17; thus, FNBO also violated Cal. Civ. Code § 1788.17.
26
           Through this conduct FNBO violated 15 U.S.C. § 1692f by using
27   unfair and unconscionable means to collect Plaintiff's alleged debt.  This
     section is incorporated into the RFDPCA by Cal. Civ. Code § 1788.17;
28   thus, FNBO also violated Cal. Civ. Code § 1788.17.

1    Through this conduct FNBO violated 15 U.S.C. § 1692f(1) by
2    collecting any amount neither expressly authorized by the agreement
3    creating Plaintiff's alleged debt nor permitted by law. This section is
     incorporated into the RFDPCA by Cal. Civ. Code § 1788.17; thus, FNBO
     also violated Cal. Civ. Code § 1788.17.

4    Through this conduct, FNBO violated Cal. Civ. Code § 1785.25(a)
5    by furnishing information to a consumer credit reporting agency knowing
     the information was inaccurate.

6    *Id.* ¶ 42-48.

7    Plaintiff further alleges that:

8    In the regular course of its business operations, FNBO routinely
9    furnishes information to credit reporting agencies pertaining to
     transactions between FNBO and FNBO's consumers, so as to provide
10   information to a consumer's credit worthiness, credit standing and credit
     capacity.

11   Because FNBO is a partnership, corporation, association, or other
12   entity, and is therefore a "person" as that term is defined by Cal. Civ. Code
     § 1785.3(j), Defendant is and always was obligated to not furnish
13   information on a specific transaction or experience to any consumer credit
     reporting agency if the person knows or should have known that the
14   information is incomplete or inaccurate, as required by Cal. Civ. Code §
     1785.25(a). FNBO knew or should have known that Plaintiff was timely
15   making Plaintiff's required payments. Thus, FNBO violated Cal. Civ.
     Code § 1785.25(a).

16   *Id.* ¶¶ 61-62.

17   The First Amended Complaint asserts three claims for relief: (1) violation of the

18   FDCPA, 15 U.S.C. section 1692, *et seq.*, against Defendant Dunning Law Firm; (2)

19   violation of the RFDCPA, California Civil Code sections 1788-1788.32, against

20   Defendants Dunning Law Firm and FNBO; and (3) violation of the California

21   Consumer Credit Reporting Agencies Act, California Civil Code section 1785.1, *et seq.*,

22   against Defendant FNBO.

23                              **LEGAL STANDARD**

24   Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state

25   a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of

26   Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must

27   contain ... a short and plain statement of the claim showing that the pleader is entitled

28   to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a

claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citation omitted).  "While the pleading standard for Rule 8(a) is liberal, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'"  *Cook v. Brewer*, 637 F.3d 1002, 1006 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

### Motion to Dismiss by Defendant Dunning (ECF No. 11)

Defendant Dunning moves to dismiss Plaintiff's FDCPA and RFDCPA claims asserted against Dunning.

### I.    Fair Debt Collection Practices Act and Rosenthal Act

Plaintiff brings the FDCPA claim against Defendant "Dunning only," but brings

the RFDCPA claim against both Defendant Dunning and Defendant FNBO.[1]  (ECF No. 9 at 9).  Defendant Dunning contends that Plaintiff's allegations are conclusory and speculative and Plaintiff does not allege facts to support the FDCPA claim.  Defendant Dunning contends that Plaintiff does not allege facts to support a claim that Defendant Dunning did not have the authority to negotiate with Plaintiff.  Defendant Dunning contends that Plaintiff does not allege that Dunning made false reports about the debt, or that Dunning incorrectly reported the status of the debt.  Defendant Dunning contends that Plaintiff does not allege that Dunning was involved in any of the activities carried out by FNBO that serve as the basis for the Complaint.

Plaintiff contends that the Complaint alleges that Defendant Dunning agreed that Plaintiff would pay a total amount of $6,106.63 via monthly payments of $170.00, and that as long as Plaintiff made each monthly payment, FNBO would refrain from further collection activity.  Plaintiff contends that, contrary to Dunning's representations made in inducing payment from Plaintiff, FNBO continues to assert that Plaintiff is delinquent on Plaintiff's alleged debt; that Plaintiff owes more than $170.00 per month; and that FNBO has reported this alleged delinquency to the credit bureaus.  Plaintiff contends that the Complaint alleges that, had Dunning not made these false representations in Defendant's February 24, 2014 written communication, Plaintiff would have proceeded in a different manner with regard to resolving the alleged debt.

Section 1692e prohibits the use by a debt collector of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  The FDCPA includes a non-exhaustive list of examples of proscribed conduct, including:

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> ...
>
> (9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved

---

[1] Defendant FNBO does not move to dismiss Plaintiff's RFDCPA claim against FNBO.

by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

*Id.* "Whether conduct violates [§ 1692e] ... requires an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication." *Gonzales*, 660 F.3d at 1061-62 (internal quotations omitted). "The 'least sophisticated debtor' standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Id.* (quoting *Terran*, 109 F.3d at 1432 ). "The standard is 'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naive,' particularly when those individuals are targeted by debt collectors." *Id.* at 1062 (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir.2000)). "At the same time, the standard 'preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care.'" *Id.* (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). "The FDCPA does not subject debt collectors to liability for bizarre, idiosyncratic, or peculiar misinterpretations." *Id.* (internal quotations omitted).

Plaintiff alleges that she finalized a settlement with Dunning which provided that "[FNBO] is willing to accept the sum of $6,106.63 in monthly payments of $170.00, so long as the first payment is received by my office no later than March 7, 2014," and "[a]s long as you are current on your payments [FNBO] will refrain from further collection activities." (ECF No. 9 ¶¶ 29-30). Plaintiff alleges that she fulfilled her obligations by paying the agreed upon amount per month. Plaintiff alleges that "despite said agreement, FNBO has continued its attempts to collect Plaintiff's alleged debt. Said collection attempts falsely represent that Plaintiff is delinquent; and, that Plaintiff owes more than $170.00 per month. As a result, FNBO has inaccurately reported Plaintiff's alleged delinquency to the credit bureaus each month." *Id.* ¶ 33. Plaintiff alleges that "[i]n the event that Dunning lacked authority to settle Plaintiff's alleged debt on behalf of FNBO and/or to make the representations in Dunning's February 24,

2014 memorialization, Dunning's conduct violated both the FDCPA; and, the RFDCPA." (ECF No. 9 ¶ 35). Plaintiff alleges that through this conduct, "Dunning violated 15 U.S.C. § 1692e(5) by taking action that could not legally be taken;" "Dunning violated 15 U.S.C. § 1692(e)(9) by distributing a written communication which created a false impression as its authorization and/or approval;" and "Dunning violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt." *Id.* ¶¶ 37-39.

## A. Section 1692e(5)

Section 1692e(5) prohibits a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Plaintiff alleges that the communication from Dunning stated that "[FNBO] is willing to accept the sum of $6,106.63 in monthly payments of $170.00, so long as the first payment is received by my office no later than March 7, 2014," and "[a]s long as you are current on your payments [FNBO] will refrain from further collection activities." (ECF No. 9 ¶¶ 29-30). The alleged language of the communication cannot reasonably be read as a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). The Court finds that Plaintiff fails to state a claim pursuant to Section 1692e(5). Defendant Dunning's Motion to Dismiss is granted as to Section 1692e(5).

Furthermore, Plaintiff alleges that "[Section 1692e(5)] is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17; thus, Dunning also violated Cal. Civ. Code § 1788.17." (ECF No. 9 ¶ 37). The Rosenthal Act requires compliance with the FDCPA, and a debt collector that violates the FDCPA also violates the Rosenthal Act. *See* Cal. Civ. Code § 1788.17; *Gates v. MCT Grp., Inc.*, No. 13CV2611-MMA DHB, 2015 WL 1349985, at *9 (S.D. Cal. Mar. 13, 2015); *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104, 1118 (C.D. Cal. 2005). Because Plaintiff fails to state a claim against Defendant Dunning pursuant to Section 1692e(5), Plaintiff also fails to state a claim against Defendant Dunning as to California Civil Code section 1788.17.

**B.     Section 1692e(9)**

Section 1692e(9) prohibits "[t]he use or distribution of any written communication ... which creates a false impression as to its source, authorization, or approval." 15 U.S.C. § 1692e(9).

Plaintiff alleges that the settlement agreement entered into by Defendant Dunning and Plaintiff stated that "[FNBO] is willing to accept the sum of $6,106.63 in monthly payments of $170.00, so long as the first payment is received by my office no later than March 7, 2014." (ECF No. 9 at ¶ 29). Plaintiff alleges that the communication also stated that "[a]s long as you are current on your payments [FNBO] will refrain from further collection activities." *Id.* ¶ 30. Plaintiff alleges that "[d]espite the agreement, FNBO has continued its attempts to collect Plaintiff's alleged debt. FNBO's collection attempts falsely represent that Plaintiff is delinquent and that Plaintiff owes more than $170.00 per month." *Id.* ¶ 33. The Court finds that Plaintiff has alleged sufficient facts to state a claim that Defendant Dunning did not have the authorization or approval of Defendant FNBO when Dunning represented that "[FNBO] is willing to accept the sum of $6,106.63 in monthly payments of $170.00, so long as the first payment is received by my office no later than March 7, 2014," and that "[a]s long as you are current on your payments [FNBO] will refrain from further collection activities." *Id.* ¶ 29-30. Defendant Dunning's Motion to Dismiss is denied as to Section 1692e(9). The Complaint adequately alleges that Defendant FNBO continues to engage in collection activities despite Defendant Dunning's representation that Defendant FNBO would "refrain from further collection activities." *Id.* ¶ 30.

Furthermore, Plaintiff alleges that "[Section 1692e(9)] is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17; thus, Dunning also violated Cal. Civ. Code § 1788.17." (ECF No. 9 ¶ 38). The Rosenthal Act requires compliance with the FDCPA, and a debt collector that violates the FDCPA also violates the Rosenthal Act. *See* Cal. Civ. Code § 1788.17; *Gates*, No. 13CV2611-MMA DHB, 2015 WL 1349985, at *9; *Hosseinzadeh*, 387 F. Supp. 2d at 1118. Because Plaintiff has alleged sufficient facts

to state a claim pursuant to Section 1692e(9), Plaintiff has also alleged sufficient facts to state a claim against Defendant Dunning pursuant to California Civil Code section 1788.17.

### C.    Section 1692e(10)

Section 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect ... any debt, has been referred to as a 'catchall' provision, and can be violated in any number of novel ways." *Gonzales*, 660 F.3d at 1062 (internal quotations omitted).   In the Ninth Circuit, the standard to determine whether a communication is deceptive or misleading under Section 1692e(10) is whether the "least sophisticated consumer" could have been deceived or misled. *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir.1996); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir.2010); *see also Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir.1988).

Plaintiff alleges that Dunning violated these section of the FDCPA because the settlement agreement entered into by Defendant Dunning and Plaintiff stated that "[a]s long as you are current on your payments [FNBO] will refrain from further collection activities."   (ECF No. 9 ¶ 30).   Plaintiff alleges that she "reasonably believed that compliance with the terms of the agreement would preclude any adverse actions by FNBO against Plaintiff, including the avoidance of demands for more than $170.00 per month, negative credit reporting in the event that Plaintiff paid at least $170.00 per month and a collection lawsuit."   *Id*. ¶ 31.   Plaintiff further alleges that "[d]espite the agreement, FNBO has continued its attempts to collect Plaintiff's alleged debt. FNBO's collection attempts falsely represent that Plaintiff is delinquent and that Plaintiff owes more than $170.00 per month.   As a result, FNBO has inaccurately reported Plaintiff's alleged delinquency to the credit bureaus each month."   *Id*. ¶ 33.   Applying the least sophisticated consumer standard, Plaintiff could reasonably believe that Defendant Dunning's representation – "[a]s long as you are current on your payments [FNBO] will refrain from further collection activities"   – included refraining from "negative credit

reporting in the event that Plaintiff paid at least $170.00 per month." (ECF No. 9 ¶¶ 29-31). The Court finds that Plaintiff has alleged sufficient facts to state a claim pursuant to Section 1692e(10). Defendant Dunning's Motion to Dismiss is denied as to Section 1692e(10)

Furthermore, Plaintiff alleges that "[Section 1692e(10)] is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17; thus, Dunning also violated Cal. Civ. Code § 1788.17." (ECF No. 9 ¶ 39). The Rosenthal Act requires compliance with the FDCPA, and a debt collector that violates the FDCPA also violates the Rosenthal Act. *See* Cal. Civ. Code § 1788.17; *Gates*, No. 13CV2611-MMA DHB, 2015 WL 1349985, at *9; *Hosseinzadeh*, 387 F. Supp. 2d at 1118. Because Plaintiff has alleged sufficient facts to state a claim pursuant to Section 1692e(10), Plaintiff has also alleged sufficient facts to state a claim against Defendant Dunning pursuant to California Civil Code section 1788.17.

## Motion to Dismiss by Defendant FNBO (ECF No. 12)

Defendant FNBO moves to dismiss Plaintiff's Credit Reporting Agencies Act ("CCRAA") claim brought against Defendant FNBO only.

Defendant FNBO contends that the Fair Credit Reporting Act ("FCRA") specifically preempts state laws that proscribe restrictions on furnishers of information. Defendant FNBO contends that Plaintiff has not alleged that FNBO is a credit reporting agency or a user of information. Defendant FNBO contends that Plaintiff has only alleged that FNBO is a furnisher of information and this Court has already found that a private right of action does not exist under the CCRAA against furnishers of information. Plaintiff contends that the FCRA does not preempt California Civil Code section 1785.25(a).

## I.    Private Right of Action

California Civil Code section 1785.25(a), provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or

inaccurate." Cal. Civ. Code § 1785.25(a). California Civil Code section 1785.31(a), provides "[a]ny consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person...." Cal. Civ. Code § 1785.31(a).

District courts in the Ninth Circuit are split on the issue of whether Section 1785.25(a) provides a private right of action against furnishers of information. *Compare Miller v. Bank of Am., Nat. Ass'n*, 858 F. Supp. 2d 1118, 1125 (S.D. Cal. 2012) (dismissing plaintiff's CCRAA claim against Bank of America because "Plaintiff alleges Defendant [Bank of America] is a furnisher of information" and "[p]rivate plaintiffs cannot bring CCRA[A] claims against a furnisher of credit information.") *and Samuel v. CitiMortgage, Inc.*, No. C 12-5871 MEJ, 2013 WL 1501491, at *4 (N.D. Cal. Apr. 10, 2013) (same) *with Steiner v. OneWest Bank, FSB*, No. C 13-05349 SBA, 2014 WL 2452212, at *3 (N.D. Cal. May 30, 2014) (rejecting argument that dismissal of plaintiffs' CCRAA claim was warranted because there is no private right of action under Section 1785.25(a) against furnishers of information to credit reporting agencies) *and Esquivel v. Bank of Am., N.A.*, No. 2:12-CV-02502-GEB, 2013 WL 5781679, at *6 (E.D. Cal. Oct. 25, 2013) (rejecting argument that CCRAA does not permit claims against furnishers of information) *and McFaul v. Bank of Am., N.A.*, No. CV 12-5685 PSG, 2013 WL 2368056, at *2 (N.D. Cal. May 29, 2013) (finding that Section 1785.25(a) provides a private right of action against furnishers of information).

The district courts that have found no private right of action exists against furnishers of information pursuant to Section 1785.25(a) rely on *Pulver v. Avco Financial Services*, 182 Cal. App. 3d 622 (1986). *See, e.g., Miller*, 858 F. Supp. 2d at 1125. *Pulver* states that "[Section 1785.31(a)] gives the consumer an action for damages against a credit reporting agency or a user of information for violation of its provisions ... it does not extend liability to one who furnishes information to a credit reporting agency." *Pulver v. Avco Fin. Servs.*, 182 Cal. App. 3d at 633. Accordingly, the district courts finding that no private right of action exists against furnishers of

information pursuant to Section 1785.25(a) have required plaintiffs to allege that the defendant was either a user of information or a credit reporting agency. *See Miller*, 858 F. Supp. 2d at 1125 ("Here, Plaintiff alleges Defendant BAC is a furnisher of information; Plaintiff makes no allegations that Defendant is a user of information or a credit reporting agency. Thus, section 1785.31 does not authorize Plaintiff to bring a CCRA[A] claim against Defendant. Accordingly, to the extent Plaintiff attempts to bring a CCRA[A] claim against Defendant BAC in its capacity as a furnisher of credit information, he cannot do so and the claim is dismissed without prejudice."); *Samuel*, 2013 WL 1501491, at *4 ("Here, Plaintiffs allege Defendant is a furnisher of information; Plaintiffs makes no allegations that Defendant is a user of information or a credit reporting agency. Thus, section 1785.31 does not authorize Plaintiffs to bring a CCRA[A] claim against Defendant. Accordingly, to the extent Plaintiffs attempts to bring a CCRA[A] claim against Defendant in its capacity as a furnisher of credit information, they cannot do so and the claim is DISMISSED.").

However, as pointed out by the district courts that have found a private right of action exists against furnishers of information pursuant to Section 1785.25(a), *Pulver* pre-dates the California Legislature's 1993 amendment of the CCRAA. *See McFaul*, 2013 WL 2368056, at *2 ("But *Pulver* pre-dates the California Legislature's 1993 amendment of the CCRA[A] to include Section 1785.25, which explicitly provides a private cause of action against parties furnishing information to credit reporting agencies."); *Steiner*, 2014 WL 2452212, at *3 ("OneWest contends that dismissal of Plaintiffs' CCRAA claim is warranted because there is no private right of action under Civil Code § 1785.25(a) against furnishers of information to credit reporting agencies. In support of its position, OneWest relies on [*Pulver*]. OneWest's reliance on *Pulver* is misplaced. *Pulver* pre-dates the California Legislature's 1993 amendment of the CCRAA to include § 1785.25.").

Furthermore, the Ninth Circuit Court of Appeals has recognized that a private right of action exists to enforce Section 1785.25(a) against furnishers of information.

1    *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1171 (9th Cir. 2009) ("[I]t

2    is California Civil Code section 1785.25(a), and only section 1785.25(a), that imposes

3    legal duties-'rule[s] of law that must be obeyed'-on furnishers of information.").

4              The California Legislature's 1993 amendment of the CCRAA providing a private

5    cause of action against parties furnishing information to credit reporting agencies and

6    the Ninth Circuit's recognition that a private right of action exists against furnishers of

7    information pursuant to Section 1785.25(a), support the conclusion that a private right

8    of action exists against furnishers of information pursuant to Section 1785.25(a).

9              In this case, Plaintiff alleges that through its conduct, "FNBO violated Cal. Civ.

10   Code § 1785.25(a) by furnishing information to a consumer credit reporting agency

11   knowing the information was inaccurate." (ECF No. 9 ¶ 48). Plaintiff further alleges

12   that "[i]n the regular course of its business operations, FNBO routinely furnishes

13   information to credit reporting agencies pertaining to transactions between FNBO and

14   FNBO's consumers, so as to provide information to a consumer's credit worthiness,

15   credit standing and credit capacity." *Id*. ¶ 61. Plaintiff's allegations are sufficient to

16   state a claim pursuant to Section 1785.25(a).

17   **II.   Preemption**

18             "Section 1681t(b)(1)(F), the FCRA's preemption provision, expressly exempts

19   this subsection-California Civil Code section 1785.25(a)-from its general exclusion of

20   state law claims on matters governed by § 1681s-2.29." *Gorman v. Wolpoff &*

21   *Abramson, LLP*, 584 F.3d 1147, 1169 (9th Cir. 2009). "It is California Civil Code

22   section 1785.25(a), and only section 1785.25(a), that imposes legal duties-'rule[s] of

23   law that must be obeyed'-on furnishers of information. Congress explicitly saved this

24   section from preemption in the FCRA." *Id*. at 1171. The Ninth Circuit Court of

25   Appeals held in *Gorman* that, "[b]ecause the plain language of the preemption provision

26   does not apply to private rights of action, and because the likely purpose of the express

27   exclusion was precisely to permit private enforcement of these provisions, we hold that

28   the private right of action to enforce California Civil Code section 1785.25(a) is not

preempted by the FCRA." *Gorman*, 584 F.3d at 1172-73; *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (discussing *Gorman* and stating that "*Gorman* holds only that the FCRA does not preempt section 1785.25(a) claims against furnishers.").

Plaintiff alleges that through its conduct, "FNBO violated Cal. Civ. Code § 1785.25(a) by furnishing information to a consumer credit reporting agency knowing the information was inaccurate." (ECF No. 9 ¶ 48). Plaintiff further alleges that "[i]n the regular course of its business operations, FNBO routinely furnishes information to credit reporting agencies pertaining to transactions between FNBO and FNBO's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity." *Id*. ¶ 61. The Court finds that Plaintiff's CCRAA claim pursuant to Section 1785.25(a) is not preempted by the FCRA. Defendant FNBO's Motion to Dismiss Count III of Plaintiff's Complaint is denied.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant Dunning Law Firm's Motion to Dismiss Counts I & II of the First Amended Complaint (ECF No. 11) is GRANTED in part and DENIED in part. Defendant Dunning's Motion to Dismiss is GRANTED with respect to Plaintiff's claim that Defendant Dunning violated Section 1692e(5) of the FDCPA and the corresponding provision under the RFDCPA. Defendant Dunning's Motion to Dismiss is DENIED in all other respects.

IT IS FURTHER ORDERED that Defendant FNBO's Motion to Dismiss Count III of Plaintiff's First Amended Complaint (ECF No. 12) is DENIED.

DATED: July 29, 2015

**WILLIAM Q. HAYES**
United States District Judge