1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

KAREN DUELL,                                           CASE NO. 14cv2774-WQH-BGS

11                                          Plaintiff,    ORDER

12            v.
FIRST NATIONAL BANK OF
13   OMAHA; THE DUNNING LAW
     FIRM,

14
                                           Defendant.

15   HAYES, Judge:

16          The matter before the Court is the Motion for Leave to File a Second Amended

17   Complaint (ECF No. 50) filed by Plaintiff Karen Duell.

18   **I. Background**

19          On November 20, 2014, Plaintiff initiated this action by filing a Complaint,

20   alleging claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

21   ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code

22   §§ 1788-1788.32 ("Rosenthal Act"), and the California Consumer Credit Reporting

23   Agencies Act § 1785 *et seq* ("CCCRAA").  (ECF No. 1).

24          On January 19, 2015, Plaintiff filed a First Amended Complaint alleging the same

25   causes of action.  (ECF No. 9).  On February 5, 2015, Defendant The Dunning Law

26   Firm ("Defendant Dunning") filed a motion to dismiss Counts I and II of the First

27   Amended Complaint.  (ECF No. 11).  On February 6, 2015, Defendant First National

28   Bank of Omaha ("Defendant FNBO") filed a motion to dismiss Count III of the First

1  Amended Complaint.  (ECF No. 12).

2  On July 29, 2015, the Court issued an Order granting in part and denying in part

3  Defendant Dunning's motion to dismiss and concluding that Plaintiff has alleged

4  sufficient facts to state a claim pursuant to the FDCPA § 1692e(9) (10) and the

5  Rosenthal Act § 1788.17 and denying Defendant FNBO's motion to dismiss on the

6  grounds that Plaintiff has alleged sufficient facts to state a claim pursuant to the

7  CCCRAA.  (ECF No. 25).

8  On November 20, 2015, the Magistrate Judge issued the Scheduling Order

9  Regulating Discovery and Other Pre-Trial Proceedings.  (ECF No. 45).  The Magistrate

10  Judge ordered, "Any motion to join other parties, to amend the pleadings, or to file

11  additional pleadings shall be filed by December 18, 2015."  *Id.* at 1.  The Magistrate

12  Judge ordered, "All fact discovery shall be completed by all parties by March 18,

13  2016."  *Id.*  The Order states, "the dates and times set forth herein will not be modified

14  except for good cause shown."  *Id.* at 5.

15  On April 15, 2016, Plaintiff filed a motion for leave to file a Second Amended

16  Complaint.  (ECF No. 50).  Plaintiff requests leave of the Court to file a Second

17  Amended Complaint to include a cause of action under the Fair Credit Reporting Act,

18  15 U.S.C. § 1681 et seq ("FCRA") because during discovery Defendant FNBO

19  produced a document that establishes for the first time a violation of the FCRA by

20  FNBO.  (ECF No. 50-1 at 2).  Plaintiff states,

21  At this stage of the litigation and due to the nature of the requested
   amendment, FNBO's strategy in defending this matter will be minimally
22  affected since Plaintiff's previous allegation brought pursuant to the
   CCCRAA is based on similar claims and/or defenses.  Additionally, the
23  Parties have discussed the proposed amendment in detail . . . thus,
   Defendant should not be unduly surprised.  Finally, Plaintiff does not
24  anticipate additional discovery in relation to the amendment since the
   amended Complaint would not materially change any position FNBO has
25  taken.

26  *Id.* at 4.

27  On April 25, 2016, Defendant FNBO filed an opposition to the motion for leave

28  to file a Second Amended Complaint.  (ECF No. 51).  Defendant FNBO contends that

1  Plaintiff has not established good cause to amend the scheduling order, and therefore

2  the liberal amendment standards of Federal Rule of Civil Procedure 15 should not

3  apply. *Id.* at 3. On May 16, 2016, Plaintiff filed a reply. (ECF No. 52).

4  **II. Discussion**

5      "Once the district court has filed a pretrial scheduling order pursuant to Federal

6  Rule of Civil Procedure 16 which established a timetable for amending pleadings that

7  rule's standards control." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-

8  608 (9th Cir. 1992). Federal Rule of Civil Procedure 16 provides that a district court

9          (b) . . . shall . . . enter a scheduling order that limits the time
                (1) to join other parties and to amend the pleadings;
10               (2) to file and hear motions; and
                (3) to complete discovery.
11               . . .
        A schedule shall not be modified except by leave of . . . [the district court]
12      upon a showing of good cause.

13  Fed. R. Civ. P. 16(b). Because a scheduling order was entered in this case on

14  November 20, 2015, Plaintiff's motion for leave to amend is governed by Rule 16(b).

15  *See Johnson*, 975 F.2d at 608 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C.

16  1987) ("party seeking to amend pleading after date specified in scheduling order must

17  first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be

18  shown, the party must demonstrate that amendment was proper under Rule 15.")).

19      Plaintiff asserts that Defendant FNBO recently produced documents which verify

20  that Defendant FNBO inaccurately reported information to credit bureaus regarding

21  Plaintiff's payment history in violation of the FCRA. Plaintiff asserts that prior to

22  receiving these documents, Plaintiff did not have sufficient grounds to establish an

23  FCRA claim. The Court concludes that Plaintiff has demonstrated good cause to amend

24  the First Amended Complaint.

25      Because the Court finds that Plaintiff has shown good cause, the Court must

26  consider whether leave to amend is proper under Federal Rule of Civil Procedure 15.

27  *See Johnson*, 975 F.2d at 608. Federal Rule of Civil Procedure 15 mandates that leave

28  to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This

policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Forman* factors).

"Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Defendant FNBO asserts that the facts of the case have been known to Plaintiff since prior to the filing of the First Amended Complaint, therefore Plaintiff has unduly delayed in requesting leave to amend. Defendant asserts that there is no newly discovered evidence that would have prevented Plaintiff from bringing the new alleged claim two years and Defendant contends that it will be prejudiced by having to defend a new cause of action.

After consideration of the submissions of the parties, the Court concludes that Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption of Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052.

///

///

1    IT IS HEREBY ORDERED that the motion for leave to file a Second Amended

2  Complaint (ECF No. 50) is granted.  No later than fourteen (14) days from the date this

3  Order is filed, Plaintiff may file the proposed Second Amended Complaint which is

4  attached to the motion.

5  DATED:  May 27, 2016

6
_William Q. Hayes_
**WILLIAM Q. HAYES**
7  United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14cv2774-WQH-BGS