| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC**<br>Abbas Kazerounian, Esq. (249203)<br>ak@kazlg.com<br>Matthew M. Loker, Esq. (279939)<br>ml@kazlg.com<br>245 Fisher Avenue, Unit D1<br>Costa Mesa, California 92626<br>Telephone: (800) 400-6808<br>Facsimile: (800) 520-5523 | **HYDE & SWIGART**<br>Joshua B. Swigart, Esq. (225557)<br>josh@westcoastlitigation.com<br>Sara Khrosroabadi, Esq. (299642)<br>sara@westcoastlitigation.com<br>2221 Camino Del Rio South, Suite 101<br>San Diego, CA 92108<br>Telephone: (619) 233-7770<br>Facsimile: (619) 297-1022 |

*Attorneys for Plaintiff,*
Karen Duell

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KAREN DUELL,**<br><br>Plaintiff,<br><br>v.<br><br>**FIRST NATIONAL BANK OF OMAHA; AND, THE DUNNING LAW FIRM,**<br><br>Defendants. | **Case No.:** 14-cv-2774 WQH (JLB)<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**<br><br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;**<br><br>**3. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.; AND,**<br><br>**4. THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**SECOND AMENDED COMPLAINT FOR DAMAGES**

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. In addition, the United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer

reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

4. KAREN DUELL ("Plaintiff") brings this Second Amended Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of FIRST NATIONAL BANK OF OMAHA (""FNBO" or "Defendants"); and, THE DUNNING LAW FIRM ("Dunning" or "Defendants") with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, in violation of the federal debt collection laws.

5. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k). In addition, jurisdiction also arises pursuant to 28 U.S.C. § 1367 for supplemental State claims.

11. This action arises out of Defendants' violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"); and, (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq*. ("RFDCPA"); and, (iii) the California Consumer Credit Reporting Agencies Act. Cal. Civ. Code § 1785, *et seq*. ("CCCRAA"); and, (iv) the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

12. Because Defendants conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; (iii) Defendants conducted business in this judicial district at all times relevant; and, (iv) Dunning's headquarters are also located in this judicial district.

## PARTIES

13. Plaintiff is a natural person who resides in the City of Santee, County of San Diego, State of California.

14. FNBO is located in the City of Omaha, State of Nebraska.

15. Dunning is located in the City of San Diego, State of California.

16. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of Defendants' businesses, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

17. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).  In addition, Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3); 15 U.S.C. § 1681a(c); and, Cal. Civ. Code § 1785.3(b).

18. Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

19. Defendant is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

20. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

21. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

22. At all times relevant, Plaintiff is an individual residing within the State of California.

23. At all times relevant, Defendant conducted business in the State of County of San Diego, State of California.

24. Sometime prior to February 24, 2014, Plaintiff is alleged to have incurred certain financial obligations to FNBO.

25. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt as it is irrelevant to this action.

26. As a result, Plaintiff has received numerous written and telephonic communications from Defendant with regard to Plaintiff's alleged debt. Said contacts constitute "communications" as that term is defined by 15 U.S.C. § 1692a(2) and "debt collection" as that phrase is defined by 15 U.S.C. § 1692a(6).

27. After receiving Dunning's initial written communication, Plaintiff contacted Dunning in an effort to amicably resolve Plaintiff's alleged debt.

28. Following confidential settlement discussions, Plaintiff and Dunning finalized a settlement with regard to Plaintiff's alleged debt alleged to be owed to FNBO.

29. Thereafter, Dunning memorialized the settlement via written communication dated February 24, 2014.

30. Said written communication stated:
> [FNBO] is willing to accept the sum of $6,106.63 in monthly payments of $170.00, so long as the first payment is received by my office no later than March 7, 2014.

31. Moreover, Dunning's February 24, 2014 written communication also stated:
> As long as you are current on your payments [FNBO] will refrain from further collection activities.

32. As such, Plaintiff reasonably believed that compliance with the terms of the agreement would preclude any adverse actions by FNBO against Plaintiff, including the avoidance of demands for more than $170.00 per month, negative credit reporting in the event that Plaintiff paid at least $170.00 per month and a collection lawsuit.

33. At all times thereafter, Plaintiff fulfilled Plaintiff's obligations pursuant to Dunning's representations by paying the agreed upon amount per month.

34. Despite said agreement, FNBO has continued its attempts to collect Plaintiff's alleged debt. Said collection attempts falsely represent that Plaintiff is delinquent; and, that Plaintiff owes more than $170.00 per month. As a result, FNBO has inaccurately reported Plaintiff's alleged delinquency to the credit bureaus each month.

35. In addition, FNBO now seeks to avoid liability by modifying the terms of the agreement as memorialized by Dunning's February 24, 2014 written communication. [*See* FNBO's Motion to Dismiss, ECF No. 7, 1:16-20]. Specifically, FNBO claims FNBO was not bound by Plaintiff's settlement agreement in any manner. [*Id*.].

36. In the event that Dunning lacked authority to settle Plaintiff's alleged debt on behalf of FNBO and/or to make the representations in Dunning's February 24, 2014 memorialization, Dunning's conduct violated both the FDCPA; and, the RFDCPA.

37. Through this conduct, Dunning violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDPCA by Cal. Civ. Code § 1788.17; thus, Dunning also violated Cal. Civ. Code § 1788.17.

38. Through this conduct, Dunning violated 15 U.S.C. § 1692e(5) by taking action that could not legally be taken. This section is incorporated into the

RFDPCA by Cal. Civ. Code § 1788.17; thus, Dunning also violated Cal. Civ. Code § 1788.17.

39. Through this conduct, Dunning violated 15 U.S.C. § 1692e(9) by distributing a written communication which created a false impression as its authorization and/or approval. This section is incorporated into the RFDPCA by Cal. Civ. Code § 1788.17; thus, Dunning also violated Cal. Civ. Code § 1788.17.

40. Through this conduct Dunning violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDPCA by Cal. Civ. Code § 1788.17; thus, Dunning also violated Cal. Civ. Code § 1788.17.

41. Furthermore, FNBO also violated the RFDPCA by continuing collection activity with regard to Plaintiff's alleged debt, including reporting Plaintiff as delinquent to the credit bureaus.

42. Sometime thereafter, Plaintiff attempted to refinance Plaintiff's home loan to obtain a lower interest rate but was denied due to FNBO's inaccurate credit information on Plaintiff's credit report.

43. Through this conduct, FNBO violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDPCA by Cal. Civ. Code § 1788.17; thus, FNBO violated Cal. Civ. Code § 1788.17.

44. Through this conduct, FNBO violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of Plaintiff's alleged debt. This section is incorporated into the RFDPCA by Cal. Civ. Code § 1788.17; thus, FNBO violated Cal. Civ. Code § 1788.17.

45. Through this conduct, FNBO violated 15 U.S.C. § 1692e(8) by communication false information to the credit bureaus regarding Plaintiff's alleged debt. This section is incorporated into the RFDPCA by Cal. Civ.

Code § 1788.17; thus, FNBO violated Cal. Civ. Code § 1788.17.

46. Through this conduct FNBO violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDPCA by Cal. Civ. Code § 1788.17; thus, FNBO also violated Cal. Civ. Code § 1788.17.

47. Through this conduct FNBO violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDPCA by Cal. Civ. Code § 1788.17; thus, FNBO also violated Cal. Civ. Code § 1788.17.

48. Through this conduct FNBO violated 15 U.S.C. § 1692f(1) by collecting any amount neither expressly authorized by the agreement creating Plaintiff's alleged debt nor permitted by law. This section is incorporated into the RFDPCA by Cal. Civ. Code § 1788.17; thus, FNBO also violated Cal. Civ. Code § 1788.17.

49. Through this conduct, FNBO violated Cal. Civ. Code § 1785.25(a) by furnishing information to a consumer credit reporting agency knowing the information was inaccurate.

50. Moreover, 15 U.S.C. § 1681(b)(1)(f) of the FCRA, expressly exempts Cal. Civ. Code § 1785.25(a) from the FCRA's general exclusion of State law claims. Thus, Plaintiff's CCCRAA claim is not preempted by the FCRA.

51. Plaintiff discovered FNBO's inaccurate reporting in or about July 2014 and disputed the mark with the Credit Bureaus shortly thereafter.

52. In so doing, Plaintiff provided an abundance of documentation to establish the inaccuracy of FNBO's reporting, including the Settlement Agreement at issue herein.

53. FNBO was required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.SC. § 1681s-2(b)(1)(A).

54. On August 15, 2014, FNBO responded to Plaintiff's dispute as required by 15 U.S.C. § 1681i(a)(6) and provided the results of FNBO's reinvestigation.

55. Accordingly, FNBO failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by:

    a. Failing to remove all of the disputed and incorrect information, and

    b. Failing to notate, as required, Plaintiff's dispute.

56. Upon information and belief, FNBO's investigation was unreasonable. More specifically, FNBO should have discovered from its records, including Plaintiff's formal dispute, that the information FNBO was reporting was inaccurate and patently misleading because it suggested that Plaintiff's account with FNBO was delinquent, even though Plaintiff was paying the minimum amount each month as required by the Settlement with Dunning and FNBO.

57. FNBO failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

58. Due to FNBO's failure to reasonably investigate, FNBO further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

59. By inaccurately reporting account information after notice and confirmation of its errors, FNBO failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

60. As a result of said inaccurate reporting, Plaintiff suffers, and continues to suffer, actual damages, including harm to their credit-worthiness, credit history, and credit scores.

61. As described herein, Defendants engaged in conduct in violation of the State

and/or Federal collection laws. Specifically, Dunning violated 15 U.S.C. §§ 1692e; 1692e(5); 1692e(9); 1692e(10). Moreover, Dunning also violated Cal. Civ. Code § 1788.17.

62. Also as described herein, FNBO violated the FCRA; Cal. Civ. Code §§ 1785.25(a); and, 1788.17.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692-1692(p) (FDCPA)
## [AGAINST DUNNING ONLY]

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

65. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)
## [AGAINST ALL DEFENDANTS]

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

///
///

68. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## COUNT III

### VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### Cal. Civ. Code § 1785.1, et seq.
### [AGAINST FNBO ONLY]

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

71. In the regular course of its business operations, FNBO routinely furnishes information to credit reporting agencies pertaining to transactions between FNBO and FNBO's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

72. Because FNBO is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). FNBO knew or should have known that Plaintiff was timely making Plaintiff's required payments. Thus, FNBO violated Cal. Civ. Code § 1785.25(a).

///

///

# COUNT IV
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681-1692x (FCRA)
### [AGAINST FNBO ONLY]

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

75. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

76. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff;
- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;
- An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;
- An Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A);
- An award of punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2)
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

- Any and all other relief that this Court deems just and proper.

**TRIAL BY JURY**

77. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 15, 2016                                                     Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   /s/ Matthew M. Loker
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF